[No. 29918-0-III.   Division Three.   February 23, 2012.]

Double H, LP, *Appellant*, v. The Department of Ecology,
*Respondent*.

*Michael B. Gillett* (of *The Gillett Law Firm*), for appellant.

*Robert M. McKenna, Attorney General*, and *Nels Johnson* and *Phyllis J. Barney, Assistants*, for respondent.

¶1 BROWN, J. — Double H LP appeals the trial court's penalty calculation against the Washington Department of Ecology under the Public Records Act (PRA), chapter 42.56 RCW. Double H mainly contends the trial court erred in characterizing the withheld records in one group instead of multiple groupings during its calculations and thereby reducing the penalty. We disagree, deny Double H's attorney fee request for this appeal, and affirm.

## FACTS

¶2 On August 6, 2009, Double H initially requested public records from Ecology regarding its investigation of

illegal hazardous waste disposal on Double H's farm. Ecology acknowledged the records request on August 7 (the August 7, 2009 request) and estimated responsive records would be produced the week of September 10, 2009. Ecology provided sets of records on September 24, 2009, September 30, 2009, and January 27, 2010. Ecology posted an exemption log on its web site, disclosing 17 records it withheld from production, in whole or in part, under PRA exemptions.

¶3  In January 2010, Double H asserted its initial request was continuing and asked Ecology for documents created after August 7. Ecology pointed out a public records request was not an open-ended obligation to produce records. Acceding, Double H then made a complying "refresher" request (the January 14, 2010 request) for all public records responsive to the August 7, 2009 request. Ecology acknowledged the refresher request and estimated the requested information would be produced the week of February 18, 2010. Ecology began providing records responsive to the refresher request on March 19. In all, Ecology produced records on nine occasions that were responsive to both the initial request and the refresher request, over 3,000 pages. At argument, Double H argued for penalty purposes that records were produced in 16 groups. Ecology posted another exemption log on its web site, disclosing 37 records withheld from production, in whole or in part, under exemption claims.

¶4  On March 17, 2010, Double H sued Ecology, claiming it had been improperly denied access to records and had not been provided a reasonable estimate of the response time for the refresher request. The parties filed cross motions for summary judgment, with Ecology conceding some PRA violations. Ecology sought to resolve all claims with the imposition of a per-day penalty at the low end of the then statutory $5-$100 range. Double H sought the imposition of the maximum PRA per-day penalty and argued the improperly withheld records should be divided into multiple

groups corresponding to Ecology's production dates and alleged common legal errors.

¶5 At the January 2011 summary judgment arguments, the parties acknowledged that deciding the number of record groups involved and deciding the appropriate per diem penalty would require the court to weigh inferences. Therefore, the parties agreed summary judgment was inappropriate. The parties instead submitted the case to the trial court on the pleadings and affidavits in accordance with *Brouillet v. Cowles Publishing Co.*, 114 Wn.2d 788, 793, 791 P.2d 526 (1990).

¶6 The trial court decided the number of penalty days due was 495 based on the difference between the first reasonable estimated response date given by Ecology for the first request (September 10, 2009) and the date the last responsive records were produced (January 27, 2011).[1] The court fixed, and the parties do not dispute, the daily penalty at $27 using the methodology of *Yousoufian v. Office of Ron Sims King County Executive*, 168 Wn.2d 444, 459, 229 P.3d 735 (2010) (*Yousoufian* V). Critical here, the trial court found one group of records existed for penalty calculation purposes, reasoning the same subject matter existed in both PRA requests. The court rejected Double H's argument that multiple production installments required multiple groups, reasoning:

> Dividing the records into groups by response dates is artificial and would actually discourage governmental agencies from producing records over time as they are discovered and reviewed. Therefore, the records which Ecology improperly withheld or failed to disclose constitute one group for purposes of calculating the penalty period.

Clerk's Papers at 1296.

---

[1] Ecology produced responsive records to both requests in July 2011, after judgment was entered and while this appeal was pending. Ecology stipulates the penalty period should therefore be increased to 683 days.

¶7 The trial court entered judgment for Double H against Ecology, awarding a $13,365.00 penalty and $88,659.82 in attorney fees and costs. Double H appealed.

## ANALYSIS

### A. Standard of Review

¶8 The parties dispute the standard of review. Double H argues for de novo review, while Ecology urges review for abuse of discretion. This disparity is unsurprising because, as Ecology correctly notes, Double H conflates counting days with determining whether multiple groups should have been created.

¶9 Double H relies on *Yousoufian v. Office of King County Executive*, 152 Wn.2d 421, 98 P.3d 463 (2004) (*Yousoufian II*). The *Yousoufian* II court grappled with whether the trial court's improperly subtracted 527 days from the total days that records were improperly withheld from Mr. Yousoufian, a matter of law. *Id.* at 436-38. Here, the trial court declined to create multiple, likely overlapping record groups that would effectively increase the penalty and act as a disincentive to early document production in part as discovered. Double H acknowledges that "[t]he trial court's decision to count the penalty days . . . is not challenged here." Reply Br. of Appellant at 3. Notably, the parties agreed summary judgment was inapposite because the court needed to weigh inferences when deciding groupings.

██ ¶10 Separating the conflation, we first note deciding the number of penalty days involves statutory interpretation, a matter of law we review de novo that is not contested here. Second, deciding record groupings and deciding the per diem penalty rate when calculating the penalty amount both involve the exercise of trial court discretion, matters we review for abuse of discretion. A trial court abuses its discretion when it makes a manifestly unreasonable decision or a decision based on untenable

grounds. *Yousoufian V*, 168 Wn.2d at 458 (citing *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006)). We turn now to the trial court's grouping decision, the gravamen of this dispute.

## B. Penalty Grouping

¶11 The issue is whether the trial court erred by abusing its discretion in deciding one group existed based on subject matter when calculating the PRA penalty awarded to Double H for Ecology's wrongful withholding of public records.

¶12 Generally, determining a penalty under the PRA is a two-step process. *Yousoufian* II, 152 Wn.2d at 438. The first step is to determine the penalty period, which is the number of days a party was denied access to records. The second step is to determine the appropriate penalty amount to be levied per day between $5 and $100. RCW 42.56.550(4);[2] *Yousoufian* II, 152 Wn.2d at 438.

¶13 A person is entitled to a PRA penalty "for each day that he or she was denied the right to inspect or copy" a "public record." RCW 42.56.550(4). The penalty period is thus strictly defined by the number of days a person has been denied a record after it should have been produced. RCW 42.56.550(4) (a penalty is prescribed "for each day" a person is denied records); *see also Yousoufian* II, 152 Wn.2d at 437. Here, as explained above, the court calculated 495 days as the penalty period.

¶14 The PRA embodies two mandates in determining a penalty amount. First, a penalty is mandatory when a requesting party is improperly denied access to a public record under the PRA. RCW 42.56.550(4); *Yousoufian* II, 152 Wn.2d at 431-33. Second, a penalty shall be awarded for each day records are wrongfully withheld. RCW 42.56-

---

[2] The legislature amended the statute in 2011 to provide that the daily penalty amount may be between $0 and $100. Laws of 2011, ch. 273, § 1.

714

.550(4); *Yousoufian* II, 152 Wn.2d at 437. But, as Ecology contends, "[b]eyond these mandates, establishing the penalty amount is within the sound discretion of the trial court." Br. of Resp't at 10. As our Supreme Court noted in *Yousoufian* II, a trial court does not "lack[ ] the ability to determine that multiple requests are actually one single request based on the subject matter and timing of the requests." *Yousoufian* II, 152 Wn.2d at 436 n.10. Even though it argues for multiple groupings, Double H acknowledges that "[t]here may be circumstances where it is appropriate to group multiple requests together, treating them as a single request for purposes of calculating the number of penalty days." Br. of Appellant at 15.

¶15 The PRA does not require records be divided into separate groups based on production date. Indeed, the court in *Sanders v. State*, 169 Wn.2d 827, 864, 240 P.3d 120 (2010) decided after the five *Yousoufian* cases, approved the trial court's discretionary creation of two groups based on subject. When a trial court groups records together, its decision is reviewed for abuse of discretion. *Sanders*, 169 Wn.2d at 864; *Yousoufian v. Office of King County Executive*, 114 Wn. App. 836, 849, 60 P.3d 667 (2003) (*Yousoufian* I).

¶16 Double H argues the trial court disregarded the existence of two separate requests on separate dates, the initial request and the refresher request. It emphasizes its mistaken belief that different sets of records are involved. The PRA does require a refresher request to obtain public records created after an initial request. WAC 44-14--04004(4)(a). Double H acknowledges that "both the initial request and the refresher request concerned the same subject matter (i.e., Ecology's investigation of Double H)." Br. of Appellant at 14. And in January 2010, Double H asserted its initial request was continuing in nature before making its refresher request for newly created documents. Ecology correctly points out that while different dates of production have been used to create groups, "nothing in *Yousoufian* I implies it is necessary for trial courts to create

groups based on production dates, or that penalties will be insufficient if not based on groups of records." Br. of Resp't at 16. Notably, *Sanders* approved the trial court's creation of two groups based on subject, not on production date. *Sanders*, 169 Wn.2d at 864.

¶17 In sum, we conclude the trial court did not err by abusing its discretion in rejecting Double H's proposed multiple production groupings in favor of a single same-subject-based group. The trial court made a balanced, reasonable decision supported by tenable grounds when selecting the same-subject group: Avoid strained groupings to encourage agencies not to withhold records until fully assembled, promote early segmented record production, and undercut the risk of creating multiple penalty-increasing groups. In essence, the trial court in its discretion decided Ecology should not be punished more severely for its continuous review and release of records under the circumstances of this case.

¶18 Double H requests attorney fees on appeal. Since it does not prevail here, it is not entitled to attorney fees.

¶19 Affirmed.

KULIK, C.J., and KORSMO, J., concur.

Review denied at 174 Wn.2d 1014 (2012).